# UNITED STATES DISTRICT COURT
## District of Maine

| | |
|---|---|
| STEWART CARNEY, JR. and ROBERTA WINCHELL, Personal Representative of the Estate of Monica J. Johnson, <br>     Plaintiff <br><br> v. <br><br> HANCOCK COUNTY, SCOTT KANE, KAYLA DUMOND, NOAH LEWEY, TRAVIS YOUNG, CHRISTOPHER STANLEY, JILLIAN JONES, RUSSELL WILSON, ALICIA LAMBERT, TIMOTHY RICHARDSON, FRANK SHEPARD, and W.A. SCHAFFER, <br>     Defendants | Docket No. 1:20-CV-00349-LEW |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS HANCOCK COUNTY, SCOTT KANE, NOAH LEWEY, TRAVIS YOUNG, CHRISTOPHER STANLEY, JILLIAN JONES, RUSSELL WILSON, TIMOTHY RICHARDSON, AND FRANK SHEPARD

NOW COME Defendants Hancock County, Scott Kane, Noah Lewey, Travis Young, Christopher Stanley, Jillian Jones (now by marriage Jillian Bye), Russell Wilson, Timothy Richardson, and Frank Shepard, through counsel, and hereby respond to Plaintiffs' Complaint as follows:

### AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

2. All individual defendants, to the extent sued in their individual capacities, are entitled to all available immunities, including but not limited to, qualified immunity for alleged

constitutional violations.

3. All individual defendants, to the extent sued in their individual capacities, are entitled to all available immunities, including but not limited to, discretionary function immunity pursuant to 14 M.R.S. ss. 8111(1)©.

4. All individual defendants, to the extent sued in their individual capacities, are entitled to all available immunities including, but not limited to, intentional act immunity pursuant to 14 M.R.S. § 8111(1)(E).

5. Plaintiffs' claims are barred for failure to exhaust remedies as required by the Prison Litigation Reform Act.

6. Plaintiffs' decedent was negligent in an amount equal to or greater than any negligence of these Defendants, and their Complaint is therefore barred; alternatively, Plaintiffs' decedent was negligent, and Plaintiffs' damages must be reduced by an amount commensurate with Plaintiffs' decedent's own negligence.

7. Plaintiffs' damages were caused by a legally sufficient superseding/intervening cause.

8. Plaintiffs' damages, if any, were directly and proximately caused by the acts and/or omissions of an individual and/or entity other than these Defendants.

9. Defendants, in their official capacities, are immune from any claims brought under the Maine Tort Claims Act.

10. Plaintiffs' Complaint is barred by the statute of limitations.

## ANSWER

**Jurisdiction and Venue**

1. The allegations contained in this paragraph of Plaintiffs' Complaint state legal

conclusions to which no response is required.

2. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and therefore deny same.

3. These Defendants deny the allegations contained in these paragraphs of Plaintiffs' Complaint.

## Parties

4-5. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' Complaint and therefore deny same.

6. These Defendants admit the allegations contained in this paragraph of Plaintiffs' Complaint.

7-18. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' Complaint and therefore deny same.

19-20. These Defendants deny the allegations contained in these paragraphs of Plaintiffs' Complaint.

21. These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and therefore deny same.

22. These Defendants deny the allegations contained in this paragraph of Plaintiffs' Complaint.

23-26.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' Complaint and therefore deny same.

### Factual Allegations Common to All Claims for Relief

27-37.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' Complaint and therefore deny same.

38-39.   These Defendants deny the allegations contained in these paragraphs of Plaintiffs' Complaint.

40-42.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in these paragraphs of Plaintiffs' Complaint and therefore deny same.

43.   These Defendants deny the allegations contained in this paragraph of Plaintiffs' Complaint.

44.   These Defendants are without sufficient knowledge or information so as to form a belief as to the truth of the allegations contained in this paragraph of Plaintiffs' Complaint and therefore deny same.

45.   These Defendants deny the allegations contained in this paragraph of Plaintiffs' Complaint.

### First Claim for Relief - (Violation of 42 U.S.C. § 1983)
### Denial of Rights Under the United States Constitution, Fourteenth Amendment
### Deliberate Indifference to Medical and Mental Health Needs

46.   These Defendants repeat and reassert their responses to all preceding paragraphs of

Plaintiffs' Complaint as if fully set forth herein.

47-57.   These Defendants deny the allegations contained in these paragraphs of Plaintiffs' Complaint.

### Second Claim for Relief (Violation of 42 U.S.C. § 1983)
### Failure to Train and Supervise Employees

58.   These Defendants repeat and reassert their responses to all preceding paragraphs of Plaintiffs' Complaint as if fully set forth herein.

59-64.   These Defendants deny the allegations contained in these paragraphs of Plaintiffs' Complaint.

### Third Claim for Relief (Pendent State Claim – Wrongful Death)
### (Me. Rev. Stat. tit. 18-C, § 2-807; Me. Rev. Stat. tit. 14, § 8104-C)

65.   These Defendants repeat and reassert their responses to all preceding paragraphs of Plaintiffs' Complaint as if fully set forth herein.

66-71.   These Defendants deny the allegations contained in these paragraphs of Plaintiffs' Complaint.

WHEREFORE, these Defendants pray for judgment in their favor, plus attorneys fees, costs, and interest.

Dated:   October 22, 2020                                  /s/   Peter T. Marchesi
                                                          Peter T. Marchesi, Esq.


                                                           /s/   Cassandra S. Shaffer
                                                          Cassandra S. Shaffer, Esq.

                                                          Wheeler & Arey, P.A.
                                                          Attorneys for Hancock County Defendants
                                                          27 Temple Street
                                                          Waterville, ME   04901

UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| STEWART CARNEY, JR. and ROBERTA WINCHELL, Personal Representative of the Estate of Monica J. Johnson,<br>　　　　　Plaintiff<br><br>v.<br><br>HANCOCK COUNTY, SCOTT KANE, KAYLA DUMON, NOAH LEWEY, TRAVIS YOUNG, CHRISTOPHER STANLEY, JILLIAN JONES, RUSSELL WILSON, ALICIA LAMBERT, TIMOTHY RICHARDSON, FRANK SHEPARD, and W.A. SCHAFFER,<br>　　　　　Defendants | Docket No. 1:20-CV-00349-LEW |

### CERTIFICATE OF SERVICE

I, Peter T. Marchesi, hereby certify that:

- Answer and Affirmative Defenses of Defendants Hancock County, Scott Kane, Noah Lewey, Travis Young, Christopher Stanley, Jillian Jones, Russell Wilson, Timothy Richardson and Frank Shepard

has been served this day on Plaintiff by filing with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

　　　　Carl D. McCue, Esq.　　　　*mccuelawllc@roadrunner.com*

Dated:   October 22, 2020

　　　　　　　　　　　　　　　　　　　　　/s/   Peter T. Marchesi
　　　　　　　　　　　　　　　　　　　Peter T. Marchesi, Esq.
　　　　　　　　　　　　　　　　　　　Wheeler & Arey, P.A.
　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Kennebec County
　　　　　　　　　　　　　　　　　　　27 Temple Street
　　　　　　　　　　　　　　　　　　　Waterville, ME   04901