UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| STEWART CARNEY, JR. et al., )<br>)<br>        Plaintiffs )<br>v. )<br>)<br>HANCOCK COUNTY, MAINE et al., )<br>)<br>        Defendants ) | No. 1:20-cv-00349-GZS |

### MEMORANDUM DECISION AND ORDER ON CONSENT MOTION TO STAY ACTION, OBJECTION TO SCHEDULING ORDER

Defendants Aroostook Mental Health Services, Inc., Alicia Lambert, and W.A. Schaffer move, with the consent of all parties, to stay this action pending the resolution of a related medical malpractice screening process in the Maine Superior Court. *See* Defendants Aroostook Mental Health Services, Alicia Lambert and W.A. Schaffer's Joint Consent Motion to Stay and Objection to Scheduling Order ("Motion") (ECF No. 32). They note that the Motion can also be construed as an objection to the scheduling order entered on February 10, 2021. *See id*. at 2; Scheduling Order (ECF No. 30). Because all parties have consented to the requested stay and because it comports with this court's entry of a stay in similar circumstances in *Dyer v. Penobscot County*, No. 1:20-cv-00224-NT, 2020 WL 5801081 (D. Me. Sept. 28, 2020), I grant the Motion and deem any objection to the scheduling order moot.

### I. Applicable Legal Standards

This court "has broad discretion to stay proceedings[,]" *Clinton v. Jones*, 520 U.S. 681, 706 (1997), incident to its "inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants[,]'" *City of Bangor v. Citizens Commc'ns Co.*, 532 F.3d 70, 99 (1st Cir. 2008) (quoting *Landis v. N. Am. Co.*,

299 U.S. 248, 254 (1936)).  In deciding whether to stay proceedings, this court generally weighs "three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy."  *Good v. Altria Grp., Inc.*, 624 F. Supp. 2d 132, 134 (D. Me. 2009).  The pendency of a related proceeding in another tribunal is a "typical reason" for a stay of proceedings.  *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995).

## II.  Factual Background

In this case, as in *Dyer*, the plaintiffs' claims arise from the death of an inmate while in the custody of a jail, and the plaintiffs have simultaneously filed a state-court notice of claim against at least some of the defendants pursuant to the Maine Health Security Act (MHSA), 24 M.R.S.A. §§ 2501-2988 (Westlaw through 2019 2d Reg. Sess.), which mandates that a pre-litigation screening panel evaluate the merits of any claims of professional negligence against medical providers, *see id.* §§ 2851-2859, 2903(1); *D.S. v. Spurwink Servs., Inc.*, 2013 ME 31, ¶ 18, 65 A.3d 1196, 1200; *compare* Motion ¶¶ 1-6 *with Dyer*, 2020 WL 5801081, at *1.

As in *Dyer*, one of the plaintiffs' claims – their pendent state-law claim for the decedent's wrongful death predicated on the defendants' alleged breach of their duty to provide appropriate medical care and monitoring – implicates the MHSA, and their remaining two claims, brought pursuant to 42 U.S.C. § 1983 for violations of the decedent's federal constitutional rights predicated on deliberate indifference to her medical and mental health needs and related failures to train and supervise staff adequately, arise from the same nucleus of operative facts.  *Compare* Complaint (ECF No. 1) ¶¶ 47-71 *with Dyer*, 2020 WL 5801081, at *3-4.

### III. Discussion

In these circumstances, as in *Dyer*, a stay is appropriate. With respect to the pendent state-law claim, "this court has consistently held that a plaintiff may not proceed with state negligence claims against medical providers unless he or she has complied with the requirements of the MHSA." *Dyer*, 2020 WL 5801081, at *3. "Judicial economy also weighs in favor of staying the plaintiff[s'] remaining claims not subject to the MHSA." *Id*. at *4. "To proceed with some but not all of the plaintiff[s'] claims when they arise from the same nucleus of alleged facts would be inefficient for the court and the parties." *Id*.

As in *Dyer*, "[t]his court will proceed on the merits of the plaintiff[s'] claims when either (i) the Superior Court determines that the defendants are not medical providers subject to the MHSA, or (ii) the Superior Court determines that the defendants are medical providers subject to the MHSA, and all of the MHSA's pre-litigation requirements have been satisfied." *Id*.

### IV. Conclusion

For the foregoing reasons, I **GRANT** the consent motion to stay, **ORDER** the parties to notify this court promptly of any decision in the state court proceedings, and **DEEM** any objection to the proposed scheduling order **MOOT**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 14th day of March, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge